# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE T. MILAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| DANIEL MARCUS, MICHAEL SALYERS, | ) | Judge |
| MICHAEL JOLLIFF-BLAKE, JESSE W. | ) | |
| BELCHER, JAMES D. CASCONE, | ) | Magistrate Judge |
| NELSON LOPEZ, T. CZERNIAWSKI | ) | |
| Star No. 7564, W. HANSON Star No. 8034, | ) | JURY TRIAL DEMANDED |
| B.K. SCANLAN Star No. 8383, ROBERT W. | ) | |
| HARTMANN, RICHARD J. AGUINAGA, | ) | |
| M.J. GALLAGHER Star No. 1842, and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiff, TERRENCE T. MILAN, by and through his attorney, James L. Bowers, and complaining against defendants, states as follows:

## NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Second, Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claims of malicious prosecution, intentional infliction of emotional distress and indemnification.

1

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§ 1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff TERRENCE T. MILAN was and is a citizen of the United States and resides within the jurisdiction of the Court.

6. At all times herein mentioned, defendants DANIEL MARCUS, MICHAEL SALYERS, MICHAEL JOLLIFF-BLAKE, JESSE W. BELCHER, JAMES D. CASCONE, NELSON LOPEZ, T. CZERNIAWSKI Star No. 7564, W. HANSON Star No. 8034, B.K. SCANLAN Star No. 8383, ROBERT W. HARTMANN, RICHARD J. AGUINAGA, and M.J. GALLAGHER Star No. 1842 were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of the CITY OF CHICAGO, Illinois. They are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On September 9, 2010, plaintiff, TERRANCE T. MILAN, was employed by Reliance Security & Consulting Services, 3104 W. Irving Park Road, Chicago, Illinois, as a professional security guard, assigned by his employer to work at various locations and for various clients throughout the Chicago area.

9. In order to become a professional security guard, plaintiff had undergone all training and background checks required by the State of Illinois to work as both unarmed and armed security, and, on September 9, 2010, plaintiff was fully and properly licensed by the Illinois Department of Financial and Professional Regulation.

10. On September 9, 2010, plaintiff had worked a full shift as a security guard at a Foot Locker store near 115th Street and Halsted, and had received an assignment to work a second shift, beginning at 11:00 p.m., at California Quick Stop, near California and Van Buren.

11. Between shifts, plaintiff picked up two friends in an SUV-type vehicle that he had borrowed from his girlfriend. One of the friends had agreed to drop plaintiff off at work and then pick up plaintiff's girlfriend when she got off work later that evening.

12. The vehicle being operated by plaintiff during the late evening on September 9, 2010 had 3 full rows of seats and a storage area behind the third row of seats. Plaintiff's two passengers were seated in the first and second row of seats, leaving the third row of seats empty.

13. At approximately 10:45 p.m. on September 9, 2012, near the intersection of Wilcox and Kilbourn in Chicago, Illinois, three or more police vehicles, occupied by defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, and SCANLAN, all members of the Mobile Strike Force, stopped plaintiff and the vehicle he was operating, without probable cause or even reasonable suspicion.

14. Defendant police officers ordered the occupants out of the vehicle, handcuffed them together, and proceeded to search plaintiff's person and vehicle, without a warrant, without permission, and without legal cause. During the search of plaintiff's person, one or more of the defendant officers removed plaintiff's wallet from his pocket and discovered plaintiff's state-issued photographic ID and his security guard license and credentials.

15. At that time, plaintiff informed the police officers that his driver's license was suspended, that he was a licensed security guard with all of his credentials in the vehicle, and that his gun was secured in a gun case in a secured compartment behind the third row of seats.

16. A female police officer involved in the stop and search told the sergeant on the scene, believed to be defendant CASCONE, that she recognized plaintiff as a security officer that she had met previously when he was working in the Cabrini Green housing project. After running a name check on their computer and discussing the situation, the female police officer and the sergeant told plaintiff that they were going to give him a pass and let him go, but that one of his passengers with a driver's license had to operate the vehicle.

17. Almost immediately after the sergeant had agreed to release plaintiff, defendants MARCUS and SALYERS approached plaintiff and stated that they were placing plaintiff under arrest for the crime of unlawful use of a weapon.

18. At that time, defendants MARCUS and SALYERS seized plaintiff's gun and all of his security guard credentials and licenses; defendant SALYERS subsequently prepared inventory reports that stated that plaintiff's gun, licenses and credentials, and other tools of his trade were to be held for investigation and/or evidence and was not available for return to plaintiff.

19. Plaintiff again requested that one of the passengers, who had been released from custody, be permitted to take the vehicle, but his request was refused; at the station, the owner of the vehicle also requested that she be permitted to take her vehicle, but her request was also refused. In fact, plaintiff's girlfriend was advised by a female police officer involved in the stop and arrest of plaintiff that, when the vehicle was seized, there were multiple guns and females in the vehicle.

20. Defendants MARCUS and SALYERS then put their own handcuffs on plaintiff and roughly shoved him into their squad car.

21. At the policed station, plaintiff was chained to a wall, and remained so chained for the next few hours, until he was turned over to the lockup keeper. At no time during the stop, arrest or detention did plaintiff resist arrest or pose any threat to the defendants in any way.

22. Defendants MARKUS, SALYERS, and HARTMANN, though repeatedly requested to do so, refused to investigate or verify plaintiff's employment status or security guard licensing. The arrest report prepared by defendants MARCUS and SALYERS, with false input on plaintiff's security guard status obtained from defendant HARTMANN, contained statements that were false and intentionally fabricated in order to solidify the case against the plaintiff.

23. Based on the arrest report, defendants AGUINAGA and GALLAGHER approved probable cause to charge plaintiff with felony unlawful use of a weapon and aggravated unlawful use of a weapon, despite the fact that the arrest report prepared by defendants MARCUS and SALYERS clearly stated that plaintiff's weapon had been found enclosed in a gun case, but failed to state where in the vehicle the gun case had been located. Because the arrest report did not indicate where in the vehicle the gun case had been located, it was impossible for defendants AGUINAGA and GALLAGHER to determine whether the weapon was immediately accessible to plaintiff, and therefore impossible for said defendants to honestly approve any weapons charges against plaintiff. Nonetheless, defendants AGUINAGA and GALLAGHER approved the report and the preparation of weapons charges against plaintiff.

24. After approval of probable cause to charge for the weapons violations, defendants MARCUS and SALYERS prepared and swore to a Complaint for Preliminary Examination for

filing with the Circuit Court of Cook County, which contained false material allegations and omissions, including that the recovered handgun was uncased and immediately accessible. Had the true facts known to defendants been disclosed in the Complaints prepared by defendants MARCUS and SALYERS, plaintiff would not have been prosecuted

25. All defendant police officers caused or stood idly by and permitted false felony gun charges to be filed against plaintiff, resulting in an unconstitutional extension of the period of detention that would have resulted had plaintiff been merely charged with traffic violations.

26. Although the arrest report states that plaintiff was also charged with driving on a suspended license, driving an uninsured motor vehicle, obstruction of the driver's view through tinted windows, obstruction of the driver's view through hanging objects in front of the windshield, and failure to display a front license plate, plaintiff was never advised of said charges or conditions, has no knowledge that charges were ever filed, and, with the exception of the driving on a suspended license allegation, denies the truthfulness of any of said allegations.

27. As a result of the actions of the defendants in causing or permitting false felony weapons charges to be filed against plaintiff, plaintiff was required to retain the services of a criminal defense attorney to defend him in the criminal case. After numerous court appearances over the course of ten months, plaintiff was acquitted of all weapons charges by a finding of not guilty after a bench trial.

28. As a result of the impoundment of the vehicle that plaintiff was driving at the time of the arrest, plaintiff was required to expend sums of money to obtain the return of the vehicle that had been entrusted to him.

29. As a result of the unlawful seizing of plaintiff's gun and security guard licenses and credentials, plaintiff's ability to work in his chosen profession was destroyed for many

months and his opportunities for advancement in his profession were hindered, all to his great financial detriment.

30. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained a loss of liberty, physical and emotional pain and suffering, humiliation, despair, anxiety, depression, fear and suffered other indignities, all to his damage.

31. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and therefore justify the awarding of exemplary and punitive damages.

32. By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§ 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, and SCANLAN for Illegal Stop, Seizure and Arrest**

33. Plaintiff incorporates and realleges paragraphs 1 – 32, as though set forth herein in their entirety.

34. The initial stop and seizure of plaintiff on September 9, 2010, was without probable cause or even reasonable suspicion that plaintiff had committed, was committing, or was going to commit criminal activity of any sort.

35. The arrest of plaintiff for violation of state unlawful use of a weapon and aggravated unlawful use of a weapon laws was without probable cause.

36. The actions of said defendant officers violated the Fourth Amendment to the United States Constitution. Therefore, defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON and SCANLAN, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, and SCANLAN for Unconstitutional Search and Seizure of his Person and his Vehicle**

37. Plaintiff incorporates and realleges paragraphs 1 – 32, as though set forth herein in their entirety.

38. The intrusion by the individual defendants into plaintiff's security and privacy by searching his person was arbitrary, unreasonable, and without legal cause.

39. The intrusion by the individual defendants into plaintiff's security and privacy by searching and seizing the vehicle that had been entrusted to him and seizing its contents was arbitrary, unreasonable, and without legal cause.

40. The actions of said defendant officers violated the Fourth Amendment to the United States Constitution. Therefore, defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON and SCANLAN, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS and SALYERS for Unconstitutional Seizure of his Property**

41. Plaintiff incorporates and realleges paragraphs 1 – 32, as though set forth herein in their entirety.

42. The initial and continued seizure of plaintiff's possessory interest in his gun and security guard licenses and credentials by the individual defendants was arbitrary, unreasonable and without legal cause.

43. The actions of said defendant officers violated the Second and Fourth Amendments to the United States Constitution. Therefore, defendants MARCUS and SALYERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS and SALYERS for Excessive Force**

44. Plaintiff incorporates and realleges paragraphs 1 – 32, as though set forth herein in their entirety.

45. The actions of the defendant officers in roughly handling and handcuffing plaintiff for several hours when they knew he was guilty of, at most, traffic violations, was arbitrary, unreasonable and without legal cause.

46. The actions of said defendant officers violated the Fourth Amendment to the United States Constitution. Therefore, defendants MARCUS and SALYERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS, SALYERS, HARTMANN, AGUINAGA, and GALLAGHER for Unlawful Detention**

47. Plaintiff incorporates and realleges paragraphs 1 – 32, as though set forth herein in their entirety.

48. The actions of the defendant officers in charging plaintiff with unlawful use of weapons violations, failing to investigate the truthfulness of said violations, approving probable cause that obviously did not exist for those violations and delaying plaintiff's release from

custody unreasonably for the purpose of investigating and gathering evidence against plaintiff for crimes for which probable cause did not exist were arbitrary, unreasonable and without legal cause.

49. By reason of the conduct of the individual defendants, plaintiff's release from custody was delayed unreasonably and violated plaintiff's right to be free from unreasonable seizures.

50. The actions of said defendant officers violated the Fourth and Fourteenth Amendments to the United States Constitution. Therefore, defendants MARCUS, SALYERS, HARTMANN, AGUINAGA and GALLAGHER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT VI
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, SCANLAN, HARTMANN, AGUINAGA, and GALLAGHER
For Failure to Intervene**

51. Plaintiff incorporates and realleges paragraphs 1 – 32, as though set forth herein in their entirety.

52. Defendant police officers were either present when plaintiff was stopped, when his possessions were searched and seized, when plaintiff was arrested, or had access to police reports regarding the stop, search, arrest and seizure of plaintiff and his property and therefore knew that the stop, search, seizure and arrest were in violation of plaintiff's constitutional rights.

53. Defendant police officers had a reasonable and realistic opportunity to intervene to prevent the harm from occurring, but instead stood idly be without intervening in any manner.

54. The actions of said defendant officers violated the Fourth and Fourteenth Amendments to the United States Constitution. Therefore, defendants MARCUS, SALYERS,

JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, SCANLAN, HARTMANN, AGUINAGA and GALLAGHER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT VII
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS and SALYERS for Fraud Perpetuating a Seizure**

55. Plaintiff incorporates and realleges paragraphs 1 – 32, as though set forth herein in their entirety.

56. The actions of the defendant officers in preparing and swearing to false and fraudulent post-incident reports and complaints charging plaintiff with unlawful use of weapons violations perpetuated the seizure of plaintiff without good cause, suppressed evidence, and had the effect of altering the prosecution's decision to proceed to trial.

57. The actions of said defendant officers violated the Fourth and Fourteenth Amendments to the United States Constitution. Therefore, defendants MARCUS and SALYERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT VIII
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS, SALYERS, CASCONE, HARTMANN, AGUINAGA, and GALLAGHER for the State Supplemental Claim of Malicious Prosecution**

58. Plaintiff incorporates and realleges paragraphs 1 – 32, as though set forth herein in their entirety.

59. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff for unlawful use of weapons violations.

60. There was no probable cause for the institution of unlawful use of weapons charges against plaintiff.

61. There was no probable cause for the continuation of the prosecution of plaintiff.

62. The individual defendants facilitated this malicious prosecution by creating and approving obviously false police reports, false written criminal charges, and false evidence, and making false statements under oath.

63. Plaintiff was wrongfully incarcerated as a direct result of the institution and prosecution of the criminal charges.

64. Plaintiff was injured emotionally, economically, and otherwise from the loss of liberty and related rights.

65. The criminal proceedings were terminated in plaintiff's favor by a finding of not guilty in a bench trial on July 18, 2011, less than a year prior to the filing of this action.

66. Defendants MARCUS, SALYERS, CASCONE, HARTMANN, AGUINAGA and GALLAGHER are liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

67. Defendant CITY OF CHICAGO is liable for the acts of the individual defendants pursuant to the doctrine of *respondent superior*.

## COUNT IX
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS and SALYERS for the State Supplemental Claim of Intentional Infliction of Emotional Distress**

68. Plaintiff incorporates and realleges paragraphs 1 – 32, as though set forth herein in their entirety.

69. The acts and conduct of the individual defendants as described herein were extreme and outrageous. The defendants intended to inflict severe emotional distress or knew that there was a high probability that their conduct would do so.

70. The individual defendants' conduct did, in fact, cause plaintiff severe emotional distress by conduct that was undertaken with malice, willfulness and reckless indifference to the rights of others.

71. Defendants MARCUS and SALYERS are liable to plaintiff under Illinois law for the state supplemental claim of intentional infliction of emotional distress.

72. Defendant CITY OF CHICAGO is liable for the acts of the individual defendants pursuant to the doctrine of *respondent superior.*

## COUNT X
### Plaintiff TERRENCE T. MILAN Against Defendant CITY OF CHICAGO
### For Indemnification (735 ILCS 10/9-102)

73. Plaintiff incorporates and realleges paragraphs 1 – 32, as though set forth herein in their entirety.

74. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

75. Defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, SCANLAN, HARTMANN, AGUINAGA and GALLAGHER were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

76. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiff TERRENCE T. MILAN, by and through his attorney, James L. Bowers, requests judgment as follows against the defendants, DANIEL MARCUS, MICHAEL SALYERS, MICHAEL JOLLIFF-BLAKE, JESSE W. BELCHER, JAMES D. CASCONE, NELSON LOPEZ, T. CZERNIAWSKI Star No. 7564, W. HANSON Star No. 8034, B.K.

SCANLAN Star No. 8383, ROBERT W. HARTMANN, RICHARD J. AGUINAGA, and M.J. GALLAGHER Star No. 1842, and CITY OF CHICAGO, on each and every claim:

1. That defendants be required to pay plaintiff general damages, including lost income and emotional distress, in a sum to be ascertained at a trial of this matter;

2. That defendants be required to pay plaintiff special damages;

3. That defendants be required to pay the plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision;

4. That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter;

5. That defendants be required to pay plaintiff costs of the suit herein incurred, and;

6. That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**


Dated: July 17, 2012                                          **/s/ James L. Bowers**
                                                                                        James L. Bowers

James L. Bowers
Attorney for Plaintiff
631 N. Central Avenue
Chicago, IL 60644
(312) 343-6326