**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRENCE T. MILAN, | ) | |
| | ) | Case No. 12 C 05621 |
| Plaintiff, | ) | |
| | ) | JUDGE DER-YEGHIAYAN |
| vs. | ) | |
| | ) | Magistrate Judge Denlow |
| DANIEL MARKUS, MICHAEL SALYERS, | ) | |
| MICHAEL JOLLIFF-BLAKE, JESSE W. | ) | |
| BELCHER, JAMES D. CASCONE, | ) | |
| NELSON LOPEZ, T. CZERNIAWSKI, Star No. | ) | |
| 7564, W. HANSON, Star No. 8034, | ) | |
| B.K. SCANLAN Star No. 8383, ROBERT W. | ) | |
| HARTMANN, RICHARD J. AGUINAGA, | ) | |
| M.J. GALLAGHER Star No. 1842, and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Chicago Police Officers Daniel Markus, Michael Salyers, Michael Jolliff-Blake, Jesse Belcher, James Cascone, Nelson Lopez, T. Czerniawski, W. Hanson, B. Scanlan, Robert Hartman, Richard Aguinaga, M. Gallagher ("Defendant Officers"), and the City of Chicago (the "City") (Collectively, "Defendants"), by and through their attorney, Robin D. Shoffner, Assistant Corporation Counsel, for their answer to Plaintiff's Complaint, affirmative defenses, and jury demand, state as follows:

## NATURE OF CLAIM

1.       This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Second, Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER**:    Defendants admit that this action purportedly arises under 42 U.S.C. §1983 for the alleged deprivations of Plaintiffs' constitutional rights.  Defendants deny any deprivations of Plaintiffs' constitutional rights.

2.    Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claims of malicious prosecution, intentional infliction of emotional distress and indemnification.

**ANSWER**:    Defendants admit that this court has supplemental jurisdiction over Plaintiff's Illinois state law claims.  Defendants deny any deprivations of Plaintiff's state law rights.


### JURISDICTION AND VENUE

3.    Jurisdiction is based upon 28 U.S.C. §§ 1343, 1331, and 1367.

**ANSWER:**   Defendants admit that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a) and that pendant jurisdiction is provided under U.S.C. § 1367(a).

4.    Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER :**   Defendants admit that venue is proper pursuant to 28 U.S.C. Section 1391(b) because the alleged incident occurred in the Northern District of Illinois.


### PARTIES

5.    At all times herein mentioned, plaintiff TERRENCE T. MILAN was and is a citizen of the United States and resides within the jurisdiction of the Court.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

6.    At all times herein mentioned, defendants DANIEL MARKUS, MICHAEL SALYERS, MICHAEL JOLLIFF-BLAKE, JESSE W. BELCHER, JAMES D. CASCONE,

NELSON LOPEZ, T. CZERNIAWSKI Star No. 7564, W. HANSON Star No. 8034, B.K. SCANLAN Star No. 8383, ROBERT W. HARTMANN, RICHARD J. AGUINAGA, and M.J. GALLAGHER Star No. 1842 were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of the CITY OF CHICAGO, Illinois.  They are being sued in their individual capacity.

**ANSWER**:    Defendants admit the allegations contained in this paragraph.

      7.    Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER**:    Defendants admit the allegations contained in this paragraph.

<u>**STATEMENT OF FACTS**</u>

      8.    On September 9, 2010, plaintiff, TERRENCE T. MILAN, was employed by Reliance Security & Consulting Services, 3104 W. Irving Park Road, Chicago, Illinois, as a professional security guard, assigned by his employer to work at various locations and for various clients throughout the Chicago area.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

      9.    In order to become a professional security guard, plaintiff had undergone all training and background checks required by the State of Illinois to work as both unarmed and armed security, and, on September 9, 2010, plaintiff was fully and properly licensed by the Illinois Department of Financial and Professional Regulation.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

      10.    On September 9, 2010, plaintiff had worked a full shift as a security guard at a foot Locker store near 115th Street and Halsted, and had received an assignment to work a second shift, beginning at 11:00 p.m., at California Quick Stop, near California and Van Buren.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

      11.    Between shifts, plaintiff picked up two friends in an SUV-type vehicle that he had borrowed from his girlfriend.  One of the friends had agreed to drop plaintiff off at work and then pick up plaintiff's girlfriend when she got off work later that evening.

**ANSWER**:     Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

12.     The vehicle being operated by plaintiff during the late evening on September 9, 2010 had 3 full rows of seats and a storage area behind the third row of seats.  Plaintiff's two passengers were seated in the first and second row of seats, leaving the third row of seats empty.

**ANSWER**:     Defendants admit that in addition to the Plaintiff, there were two passengers

seated in the vehicle being operated by the Plaintiff during the late evening hours on September

9, 2010.  Defendants lack knowledge or information sufficient to admit or deny the remaining

allegations contained in this paragraph.

13.     At approximately 10:45 p.m. on September 9, 2012, near the intersection of Wilcox and Kilbourn in Chicago, Illinois, three or more police vehicles, occupied by defendants MARKUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, and SCANLAN, all members of the Mobile Strike Force, stopped plaintiff and the vehicle he was operating, without probable cause or even reasonable suspicion.

**ANSWER**:     Defendants admit that at approximately 10:45 p.m. on September 9, 2010, near

the intersection of Wilcox and Kilbourn, in Chicago Illinois, defendants Markus, Salyers,

Belcher, Cascone, Lopez, Hanson and Scanlan, members of the Mobile Strike Force, stopped

Plaintiff and the vehicle he was operating.  Defendants deny the remaining allegations contained

in this paragraph.

14.     Defendant police officers ordered the occupants out of the vehicle, handcuffed them together, and proceeded to search plaintiff's person and vehicle, without a warrant, without permission, and without legal cause.  During the search of plaintiff's person, one or more of the defendant officers removed plaintiff's wallet from his pocket and discovered plaintiff's state-issued photograph ID and his security guard license and credentials.

**ANSWER**:     Defendants admit that defendant police officers Markus and Salyers ordered

occupants out of the vehicle, searched the vehicle and removed Plaintiff's wallet from his

pocket.  Defendants deny the remaining allegations contained in this paragraph.

15.     At that time, plaintiff informed the police officers that his driver's license was suspended, that he was a licensed security guard with all of his credentials in the vehicle, and that his gun was secured in a gun case in a secured compartment behind the third row of seats.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

16.     A female police officer involved in the stop and search told the sergeant on the scene, believed to be defendant CASCONE, that she recognized plaintiff as a security officer that she had met previously when he was working in the Cabrini Green housing project.  After running a name check on their computer and discussing the situation, the female police officer and the sergeant told plaintiff that they were going to give him a pass and let him go, but that one of his passengers with a driver's license had to operate the vehicle.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

17.     Almost immediately after the Sergeant had agreed to release plaintiff, defendants MARCUS and SALYERS approached plaintiff and stated that they were placing plaintiff under arrest for the crime of unlawful use of a weapon.

**ANSWER**:     Defendants admit that they stated they were placing Plaintiff under arrest.

Defendants deny the allegations contained in this paragraph.

18.     At that time, defendants MARKUS and SALYERS seized plaintiff's gun and all of his security guard credentials and licenses; defendant SALYERS subsequently prepared inventory reports that stated that plaintiff's gun, licenses and credentials, and other tools of his trade were to be held for investigation and/or evidence and was not available for return to plaintiff.

**ANSWER**:     Defendants admit that Markus and Salyers seized a gun, bullets, a pistol case,

ballistic vest, police style duty belt, a semi-automatic pistol holder and the contents of Plaintiff's

wallet and prepared inventory reports stating that the items they seized were being held for

investigation.  Defendants deny the remaining allegations contained in this paragraph.

19.     Plaintiff again requested that one of the passengers, who had been released from custody, be permitted to take the vehicle, but his request was refused; at the station, the owner of the vehicle also requested that she be permitted to take her vehicle, but her request was also refused.  In fact, plaintiff's girlfriend was advised by a female officer involved in the stop and arrest of the plaintiff that, when the vehicle was seized, there were multiple guns and females in the vehicle.

**ANSWER**:    Defendants admit that neither the passengers in the vehicle, nor the owner of the vehicle were permitted to take the vehicle at that time.   Answering further, the vehicle was impounded.   Defendants deny the remaining allegations contained in this paragraph.

20.     Defendants MARKUS and SALYERS then put their own handcuffs on plaintiff and roughly shoved him into their squad car.

**ANSWER**:    Defendants admit that Markus placed handcuffs on plaintiff and placed him in their police vehicle.   Defendants deny the remaining allegations contained in this paragraph.

21.     At the police station, plaintiff was chained to a wall, and remained so chained for the next few hours, until he was turned over to the lockup keeper.   At no time during the stop, arrest or detention did plaintiff resist arrest or pose any threat to the defendants in any way.

**ANSWER**:    Defendants admit that Plaintiff was handcuffed to a wall at the police station until he was turned over to the lockup keeper.   Answering further, Defendants further admit that Plaintiff did not physically resist arrest. Defendants deny the remaining allegations contained in this paragraph.

22.     Defendants, MARKUS, SALYERS, and HARTMAN, though repeatedly requested to do so, refused to investigate or verify plaintiff's employment status or security guard licensing.   The arrest report prepared by defendants MARCUS and SALYERS, with false input on plaintiff's security guard status obtained from defendant HARTMANN, contained statements that were false and intentionally fabricated in order to solidify the case against the Plaintiff.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

23.     Based on the arrest report, defendants AGUINAGA and GALLAGHER approved probable cause to charge plaintiff with felony unlawful use of a weapon and aggravated unlawful use of a weapon, despite the fact that the arrest report prepared by defendants MARCUS and SALYERS clearly stated that plaintiff's weapon had been found enclosed in a gun case, but failed to state where in the vehicle the gun case had been located.   Because the arrest report did not indicate where in the vehicle the gun case had been located, it was impossible for defendants AGUINAGA and GALLAGHER to determine whether the weapon was immediately accessible to plaintiff, and therefore impossible for said defendants to honestly approve any weapons charges against plaintiff.   Nonetheless, defendants AGUINAGA and GALLAGHER approved the report and the preparation of weapons charges against plaintiff.

**ANSWER**:   Defendants admit that Aguinaga and Gallagher approved the charges against

Plaintiff based on the information contained in the arrest report.  Defendants deny the remaining

allegations contained in this paragraph.

24.     After approval of probable cause to charge for the weapons violations, defendants MARCUS and SALYERS prepared and swore to a Complaint for Preliminary Examination for filing with the Circuit Court of Cook County, which contained false material allegations and omissions, including that the recovered handgun was un-cased and immediately accessible.  Had the true facts known to defendants been disclosed in the Complaints prepared by defendants MARCUS and SALYERS, plaintiff would not have been prosecuted.

**ANSWER**:   Defendants admit that Markus and Salyers prepared a Complaint for Preliminary

Examination.  Defendants deny the remaining allegations contained in this paragraph.

25.     All defendant police officers caused or stood idly by and permitted false felony gun charges to be filed against plaintiff, resulting in an unconstitutional extension of the period of detention that would have resulted had plaintiff been merely charged with traffic violations.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

26.     Although the arrest report states that plaintiff was also charged with driving on a suspended license, driving an uninsured motor vehicle, obstruction of the driver's view through tented windows, obstruction of the driver's view through hanging objects in front of the windshield, and failure to display a front license plate, plaintiff was never advised of said charges or conditions, has no knowledge that charges were ever filed, and, with the exception of the driving on a suspended license allegation, denies the truthfulness of any of said allegations.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

27.     As a result of the actions of the defendants in causing per permitting false felony weapons charges to be filed against plaintiff, plaintiff was required to retain the services of a criminal defense attorney to defend him in the criminal case.  After numerous court appearances over the course of ten months, plaintiff was acquitted of all weapons charges by a finding of not guilty after a bench trial.

**ANSWER**:   Defendants admit Plaintiff was acquitted of gun charges arising from this

incident.   Defendants deny the allegations contained in this paragraph.

28.     As a result of the impoundment of the vehicle that plaintiff was driving at the time of the arrest, plaintiff was required to expend sums of money to obtain the return of the vehicle that had been entrusted to him.

**ANSWER**:     Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.


29.     As a result of the unlawful seizing of plaintiff's gun and security guard licenses and credentials, plaintiff's ability to work in his chosen profession was destroyed for many months and his opportunities for advancement in his profession were hindered, all to his great financial detriment.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

30.     By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained a loss of liberty, physical and emotional pain and suffering, humiliation, despair, anxiety, depression, fear and suffered other indignities, all to his damage.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

31.     The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and therefore justify the awarding of exemplary and punitive damages.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

32.     By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights.  By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

## <u>COUNT I</u>
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, and SCANLAN for Illegal Stop, Seizure and Arrest**

Defendants the City and Officers Hartman, Aguinaga and Gallagher are not answering

this count as it is not directed towards them.

33.     Plaintiff incorporates and re-alleges paragraphs 1 - 32, as though fully set forth herein in their entirety.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations

contained in the preceding paragraphs.


34.     The initial stop and seizure of plaintiff on September 9, 2010, was without probable cause or even reasonable suspicion that plaintiff had committed, was committing, ro was going to commit criminal activity of any sort.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

35.     The arrest of plaintiff for violation of state unlawful use of a weapon and aggravated unlawful use of a weapon laws was without probable cause.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

36.     The actions of said defendant officers violated the Fourth Amendment to the United States Constitution.  Therefore, defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON and SCANLAN, and each of them, liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

## <u>COUNT II</u>
**_Plaintiff TERRENCE T. MILAN Against Defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, and SCANLAN for Unconstitutional Search and Seizure of his Person and his Vehicle**

Defendants the City and Officers Hartman, Aguinaga and Gallagher are not answering

this count as it is not directed towards them.


37.     Plaintiff incorporates and re-alleges paragraphs 1-32, as though set forth herein in their entirety.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations

contained in the preceding paragraphs.

38.     The intrusion by the individual defendants into plaintiff's security and privacy by search his person was arbitrary, unreasonable, and without legal cause.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

39.     The intrusion by the individual defendants into plaintiff's security and privacy by searching and seizing the vehicle that had been entrusted to him and seizing its contents was arbitrary, unreasonable, and without legal cause.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

40.     The actions of said defendant officers violated the Fourth Amendment to the United States Constitution.  Therefore, defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON and SCANLAN, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

## <u>COUNT III</u>
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS and SALYERS
for Unconstitutional Seizure of his Property**

Defendants the City and Officers Jolliff-Blake, Belcher, Cascone, Lopez, Czerniawski, Hanson, Scanlan, Hartman, Aguinaga and Gallagher are not answering this count as it is not directed towards them.

41.     Plaintiff incorporates and re-alleges paragraphs 1-32, as though set forth herein in their entirety.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations contained in the preceding paragraphs.

42.     The initial and continued seizure of plaintiff's possessory interest in his gun and security guard licenses and credentials by the individual defendants was arbitrary, unreasonable and without legal cause.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

43.     The actions of said defendant officers violated the Second and Fourth Amendments to the United States Constitution.  Therefore, defendants MARCUS and SALYERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

## <u>COUNT IV</u>
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS and SALYERS for Excessive Force**

Defendants the City and Officers Jolliff-Blake, Belcher, Cascone, Lopez, Czerniawski, Hanson, Scanlan, Hartman, Aguinaga and Gallagher are not answering this count as it is not directed towards them.

44.     Plaintiff incorporates and re-alleges paragraphs 1-32, as though set forth herein in their entirety.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations contained in the preceding paragraphs.

45.     The actions of the defendant officers in roughly handling and handcuffing plaintiff for several hours when they knew he was guilty of, at most, traffic violations, was arbitrary, unreasonable and without legal cause.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

46.     The actions of said defendant officers violated the Fourth Amendment to the United States Constitution.  Therefore, defendants MARCUS and SALYERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

## <u>COUNT V</u>
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS, SALYERS, HARTMANN, AGUINAGA, and GALLAGHER for Unlawful Detention**

Defendants the City and Officers Jolliff-Blake, Belcher, Cascone, Lopez, Czerniawski, Hanson and Scanlan  are not answering this count as it is not directed towards them.

47.    Plaintiff incorporates and re-alleges paragraphs 1-33, as though set forth herein in their entirety.

**ANSWER**:    Defendants re-allege and incorporate all of their answers to the allegations

contained in the preceding paragraphs.

48.    The actions of the defendant officers in charging plaintiff with unlawful use of weapons violations, failing to investigate the truthfulness of said violations, approving probable cause that obviously did not exist for those violations and delaying plaintiff's release from custody unreasonably for the purpose of investigating and gathering evidence against plaintiff for crimes for which probable cause did not exist were arbitrary, unreasonable and without legal cause.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

49.    By reason of the conduct of the individual defendants, plaintiff's release from custody was delayed unreasonably and violated plaintiff's right to be free from unreasonable seizures.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

50.    The actions of said officers violated the Fourth and Fourteenth Amendments to the United States Constitution.  Therefore, defendants MARCUS, SALYERS, HARTMANN, AGUINAGA and GALLAGHER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

<u>**COUNT VI**</u>
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, SCANLAN, HARTMANN, AGUINAGA, and GALLAGHER**
**For Failure to Intervene**

51.    Plaintiff incorporates and re-alleges paragraphs 1-32, as though set forth herein in their entirety.

**ANSWER**:    Defendants re-allege and incorporate all of their answers to the allegations

contained in the preceding paragraphs.

52.    Defendant Police officers were either present when plaintiff was stopped, when his possessions were searched and seized, when plaintiff was arrested, or had access to police reports

regarding the stop, search, arrest and seizure of plaintiff and his property and therefore knew the stop, search, seizure and arrest were in violation of plaintiff's constitutional rights.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

53.     Defendant police officers had a reasonable and realistic opportunity to intervene to prevent the harm from occurring, but instead stood idly by without intervening in any manner.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

54.     The actions of said defendant officers violated the Fourth and Fourteenth Amendments to the United States Constitution.  Therefore, defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, SCANLAN, HARTMANN, AGUINAGA and GALLAGHER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

## <u>COUNT VII</u>
### Plaintiff TERRENCE T. MILAN Against Defendants MARCUS and SALYERS for Fraud Perpetuating a Seizure

Defendants the City and Officers Jolliff-Blake, Belcher, Cascone, Lopez, Czerniawski,

Hanson, Scanlan, Hartman, Aguinaga and Gallagher are not answering this count as it is not

directed towards them.

55.     Plaintiff incorporates and re-alleges paragraphs 1-32, as though set forth herein in their entirety.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations

contained in the preceding paragraphs.

56.     The actions of the defendant officers in preparing and swearing to false and fraudulent post-incident reports and complaints charging plaintiff with unlawful use of weapons violations perpetuated the seizure of plaintiff without good cause, suppressed evidence, and had the effect of altering the prosecution's decision to proceed to trial.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

57.     The actions of said defendant officers violated the Fourth and Fourteenth Amendments to the United States Constitution.  Therefore, defendants MARCUS and SALYERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.


## <u>COUNT VIII</u>
**Plaintiff TERRENCE T. MILAN Against Defendants MARCUS, SALYERS, CASCONE, HARTMANN, AGUINAGA, and GALLAGHER
for the State Supplemental Claim of Malicious Prosecution**

Defendants the City and Officers Jolliff-Blake, Belcher, Cascone, Lopez, Czerniawski,

Hanson and Scanlan are not answering this count as it is not directed towards them.

58.     Plaintiff incorporates and re-alleges paragraphs 1-32, as though set forth herein in their entirety.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations

contained in the preceding paragraphs.

59.     The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff for unlawful use of weapons violations.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

60.     There was no probable cause for the institution of unlawful use of weapons charges against plaintiff.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

61.     There was no probable cause for the continuation of the prosecution of plaintiff.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

62.     The individual defendants facilitated this malicious prosecution by creating and approving obviously false police reports, false written criminal charges, and false evidence, and making false statements under oath.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

63.     Plaintiff was wrongfully incarcerated as a direct result of the institution and prosecution of the criminal charges.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

64.     Plaintiff was injured emotionally, economically, and otherwise from the loss of liberty and related rights.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

65.     The criminal proceedings were terminated in plaintiff's favor by a finding of not guilty in a bench trial on July 18, 2011, less than a year prior to the filing of this action.

**ANSWER**:     Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

66.     Defendants MARCUS, SALYERS, CASCONE, HARTMANN, AGUINAGA and GALLAGHER are liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

67.     Defendant CITY OF CHICAGO is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.


## COUNT IX
### Plaintiff TERRENCE T. MILAN Against Defendants MARCUS and SALYERS for the State Supplemental Claim of Intentional Infliction of Emotional Distress

Defendants the City and Officers Jolliff-Blake, Belcher, Cascone, Lopez, Czerniawski,

Hanson, Scanlan, Hartman, Aguinaga and Gallagher are not answering this count as it is not

directed towards them.

68.     Plaintiff incorporates and re-alleges paragraphs 1-32, as though set forth herein in their entirety.

**ANSWER**:    Defendants re-allege and incorporate all of their answers to the allegations

contained in the preceding paragraphs.

69.    The acts and conduct of the individual defendants as described herein were extreme and outrageous.  The defendants intended to inflict severe emotional distress or knew that there was a high probability that their conduct would do so.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

70.    The individual defendants' conduct did, in fact, cause plaintiff severe emotional distress by conduct that was undertaken with malice, willfulness and reckless indifference to the rights of others.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

71.    Defendant MARCUS and SALYERS are liable to plaintiff under Illinois law for the state supplemental claim of intentional infliction of emotional distress.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

72.    Defendant CITY OF CHICAGO is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

## <u>COUNT X</u>
### Plaintiff TERRENCE T. MILAN Against Defendant CITY OF CHICAGO For Indemnification (735 ILCS 10/9-102)

The Individual Defendants are not answering this count as it is not directed towards them.

73.    Plaintiff incorporates and re-alleges paragraphs 1-32, as though set forth herein in their entirety.

**ANSWER**:    The City re-alleges and incorporate all of their answers to the allegations contained

in the preceding paragraphs.

74.    In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**:    This allegation is a legal conclusion and therefore not response is required.  To the extent a response is required, the City  denies the allegations contained in this paragraph.

75.    Defendants MARCUS, SALYERS, JOLLIFF-BLAKE, BELCHER, CASCONE, LOPEZ, CZERNIAWSKI, HANSON, SCANLAN, HARTMAN, AGUINAGA and GALLAGHER were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**:    The City admits that at all relevant times admits that Markus, Salyers, Jolliff-Blake, Belcher, Cascone, Lopez, Czerniawski, Hanson, Scanlan, Hartman, Aguinaga and Gallagher were employees of the City and acted within the scope of their employment.  The City denies the remaining allegations contained in this paragraph.

76.    Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

**ANSWER**:    The City denies the allegations contained in this paragraph.


## AFFIRMATIVE DEFENSES

1.    Defendant Officers are entitled to qualified immunity as to all federal claims. Defendant Officers are government officials, namely police officers, who perform discretionary duties.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers, could have believed his or her actions to be lawful, in light of clearly established law and the information that he or she possessed.  Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2.    Under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter, "Illinois Tort Immunity Act"), an officer is justified in the use of any force which he or she reasonably believes to be necessary to effect arrest and of any force which he or she reasonably believes to be necessary to defend himself or herself or another from bodily harm while making the arrest.  *See* 720 ILCS 5/7-5.

3.     Defendant Officers are not liable for any of the claims alleged by Plaintiffs because under the Illinois Tort Immunity Act, a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  *See* 745 ILCS 10/2-202.

4.     Under Illinois law, Defendant Officers are not liable to Plaintiff because their use of force in seizing Plaintiff was justified under 720 ILCS 5/7-5.

5.     Under the Illinois Tort Immunity Act, the City is not liable for any claims alleged by Plaintiff if Defendant Officers are not liable to Plaintiff.  *See* 745 ILCS 10/2-109.

6.     To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed by the jury in this case.

7.     To the extent that any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by the negligent, wilful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by the application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

8.     To the extent that Plaintiff's injuries were caused by the act or omission of another person, Defendant Officers are not liable for such injuries under the Illinois Tort Immunity Act. *See* 745 ILCS 10/2-204.

9.     Pursuant to Municipal Code of Chicago 9-80-240, Defendants placed Plaintiff

under arrest and impounded the vehicle he was driving because he was driving on a suspended driver's licence.  *See* M.C.C. 9-80-240.

## **JURY DEMAND**

Defendants hereby demand a jury trial for all issues so triable.

Respectfully submitted,

/s/ Robin D. Shoffner
Robin D. Shoffner
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-4746
Attorney No. 6204393

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRENCE T. MILAN, | ) | |
| | ) | Case No. 12 C 05621 |
| Plaintiff, | ) | |
| | ) | JUDGE DER-YEGHIAYAN |
| vs. | ) | |
| | ) | Magistrate Judge Denlow |
| DANIEL MARCUS, the CITY | ) | |
| OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:     325
         Chicago, Illinois 60640

**PLEASE TAKE NOTICE** that on this 17th day of September 2012, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 17th day of September, 2012.

/s/ Robin D. Shoffner
Robin D. Shoffner
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-4746